UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-20571-CIV-COOKE/TURNOFF

ASDRUBAL ACOSTA,
LEONARO A. MARTINEZ

    Plaintiffs,

v.

JOE'S MOVING AND STORAGE, INC.,
JOSE BALUJA SR. and JOSE BALUJA, JR.

    Defendants.
_____/

### DEFENDANTS' MOTION TO COMPEL THE DEPOSITIONS OF PLAINTIFFS' NON-PARTY WITNESSES AND FOR A SHORT EXTENSION OF TIME TO TAKE SAID DEPOSITIONS

Defendants, Joe's Moving and Storage, Inc., Jose M. Baluja and Jose L. Baluja, move to compel the depositions of Plaintiffs' non-party witnesses and for a short extension of time to take these depositions.

### BACKGROUND

1. On July 11, 2014, Plaintiffs listed Michael Pauley and Alfredo Alvarado as witnesses in this case.[1]

2. On October 2, 2014, the Plaintiffs requested that the Court extend fact discovery in this action to November 6, 2014 and that unopposed request was granted. [See DE 36 and 37]

3. On October 17, 2014, Defendants served a notice of taking the deposition of the non-party witnesses, Michael Pauley and Alfredo Alvarado, along with a copy of the Subpoenas

---

[1] Plaintiffs have never served Initial Disclosure to Defendants in this action.

to the non-party witnesses. The deposition was timely noticed for November 3, 2014, i.e., seventeen (17) days after the notice of deposition.[2] Rule 26.1(i), S.D. Fla. L.R. Along with the service of the notice, the Defendants advised Plaintiffs' Counsel in writing that if November 3rd was inconvenient, to contact the undersigned immediately to try to accommodate another date. See, Appendix A to S.D. Fla. L.R., Discovery Practice Handbook, §II.A.(1) Depositions ("The attorney can either pre-arrange a deposition, or notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling").

4. On October 20, 2014, Plaintiffs' Counsel's assistant, Jamie Palma, wrote an email to the Undersigned saying that the depositions were unilaterally set and that Plaintiffs' counsel was unavailable on November 3rd., but he failed to provide any alternative date

5. The same day, the Undersigned called Jamie Palma and provided him three (3) alternative dates for the depositions; i.e. October 31st, November 4th, and November 5th before or after Jose Baluja Jr.'s *(sic)* deposition.[3] Two days later, there still was no response from Plaintiffs Counsel or Jamie Palma regarding the alternate dates. The Undersigned's assistant called to follow up, but neither Jamie Palma or Plaintiffs' Counsel was available. A detailed message was left for Mr. Palma but he never returned the call.

6. The next day, an email was sent to Mr. Palma asking for an alternative date or the depositions would remain scheduled for November 3rd. The Defendants needed to serve the non-party witnesses with a subpoena, and could not delay that service any further. The Undersigned received no response from the Plaintiffs.

---

[2] Plaintiffs scheduled the depositions of Jose Baluja Sr. (sic) for October 24, 2014, Mario Correa and Edgar Martinez for November 5, 2014, and Jose Baluja Jr. (sic) for November 6, 2014.
[3] The undersigned does not foresee that each of the depositions of these non-party witnesses will take more than two and a half hours even if they are taken with an interpreter.

7. On October 28, 2014, Michael Pauley was personally served with the subpoena. (A copy of the notice, subpoena and the return of service is attached as Exhibit 1). Michael Pauley did not appear at the deposition on November 3rd, and neither did Plaintiffs' Counsel.

8. On October 30, 2014, Alfredo Alvarado was served by substitute service on his wife, which the Undersigned understands is not proper personal service under Rule 45, Fed. R. Civ. P. (A copy of the notice, subpoena and the return of service is attached as Exhibit 2). Mr. In any event, neither Alvarado or Plaintiffs' counsel appeared at the deposition on November 3rd.

9. Again the Undersigned Counsel tried to obtain Plaintiffs' Counsel cooperation to reschedule the non-party depositions before the cut-off on November 6, 2014. Plaintiffs' Counsel's response to the Undersigned's efforts was as follows: (1) The extension of the fact discovery deadline only applied to the Plaintiffs; (2) The depositions were not properly noticed; (3) Plaintiffs' counsel was unavailable; and (4) The scheduling of the non-party depositions was "highly" prejudicial to Plaintiffs because Plaintiffs' counsel has a lot of work to do in this case, including taking the depositions of the defendants and witnesses this week and answering the Motion for Summary Judgment.

10. None of Plaintiffs' Counsel's reasons for not cooperating with the Undersigned Counsel have any merit whatsoever. First, the Court's Order [DE 37] extended fact discovery for all of the parties. That order says in pertinent part, *"The fact discovery and dispositive motions deadline is extended to and including Nov. 6, 2014."* Moreover, Defendants had the courtesy not to oppose the Plaintiffs' request for extension of time. Second, the depositions were properly and timely scheduled under the applicable local rule,

and the Undersigned Counsel offered three alternative dates. There was no response from the Plaintiffs' Counsel to cooperate with choosing an alternative date. Third, Plaintiffs' Counsel unavailability for the original date selected, does not allow him to ignore all attempts to reschedule the depositions for another date. Fourth, Defendants' right to take the deposition of the Plaintiffs' non-party witnesses is not trumped by Counsel's busy schedule; which was mostly due to his own procrastination.

11. Finally, since the rescheduling of these depositions may need to occur beyond the scheduled discovery cut-off, the undersigned respectfully requests a short one-week extension to take those depositions.

12. The Undersigned Counsel has made reasonable efforts to confer with Plaintiffs' Counsel about the relief sought in this motion, including two emails to him on November 3, 2014, one of which included my cellular telephone number and a request that he call me any time before 9:00 p.m. or the next day. The next afternoon, the Undersigned placed a telephone call to Plaintiffs' Counsel, but he was unavailable. The Undersigned left Plaintiffs' Counsel a message to call the Undersigned as soon as possible. The Undersigned, spoke to Plaintiffs' Counsel in person on November 5, 2014 but a resolution could not be reached.

WHEREFORE, the Defendants respectfully request that the Court;

(1) Extend the discovery deadline to take these non-party depositions to the week of November 10, 2014;

(2) Schedule the deposition for any day it wishes during the week of November 10, 2014;

(3) Order the non-parties to appear for deposition on the date selected and if they fail to appear, they will be stricken from the witness list; and

(4) Order Plaintiffs' Counsel to pay for the costs of having to file this motion for his unreasonable failure to cooperate in re-scheduling of the subject depositions.

Respectfully submitted,

PENICHET LAW
Counsel for Defendants
9655 So. Dixie Highway
Suite 310
Miami, FL 33156
Tel: (305) 373-8809

BY:  s/ Paul F. Penichet
Paul F. Penichet
FBN: 899380
paul@penichetlaw.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via electronic mail (ECM) on November 5, 2014 on all counsel or parties of record on the Service List below.

By:  /s/ Paul F. Penichet
Paul F. Penichet
FBN: 0899380

Zandro E. Palma, Esq.
The Law Offices of Zandro E. Palma, P.A.
3100 S. Dixie Highway
Suite 202
Miami, FL 33133
Tel: (305) 446-1500
Fax: (305) 446-1502
zep@thepalmalawgroup.com